**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50326 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00541-RGK-1 |
| v. | |
| EDUARDO MENDOZA SOLORIO, AKA Capone, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 10, 2017
Pasadena, California

Before:  WALLACE, CHRISTEN, and WATFORD, Circuit Judges.

**1.** The district court did not abuse its discretion in denying Eduardo

Mendoza Solorio's motion to exclude recordings of the confidential informant on

the basis of lack of consent.  "In order to establish consent to taping of

conversations, it will ordinarily suffice for the government to show that [an]

---

        [*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

informant engaged in [a] conversation knowing that it was being taped." *United States v. Glickman*, 604 F.2d 625, 634 (9th Cir. 1979). Here, the evidence shows that the informant knew that his conversations with Solorio were being recorded. In investigative reports, the agents described outfitting the informant with recorders. The agents also conducted briefings and debriefings with the informant before and after his conversations with Solorio. This is sufficient evidence of the informant's knowledge. Furthermore, Solorio did not provide evidence that the government secured the informant's consent through coercion or undue influence. Even if the informant received leniency in exchange for his participation in the investigation, or hoped that his wife would receive leniency, such a deal would not undermine his consent. *See United States v. Brandon*, 633 F.2d 773, 777 (9th Cir. 1980).

**2.** The district court also did not abuse its discretion in declining to respond to two withdrawn jury notes. *See United States v. Romero-Avila*, 210 F.3d 1017, 1024 (9th Cir. 2000). When a jury note is withdrawn, a judge may reasonably assume that the issue raised in the note has been resolved. *See id.* Here, the district court took the additional step of verifying with the jury foreperson that the jury no longer needed a response to either of the notes. In light of this verification, the district court properly declined to respond to the notes.

**3.** We assume without deciding that the district court erred by admitting Special Agent O'Connor's interpretations of drug jargon as lay opinion testimony, but hold that any error was "more probably harmless than not." *See United States v. Freeman*, 498 F.3d 893, 905–06 (9th Cir. 2007). There was overwhelming evidence of Solorio's guilt in the form of the recorded conversations with the confidential informant, video recordings of the sales from a camera installed in the confidential informant's car, the agents' testimony about their surveillance of the January 3, 2011 meeting and subsequent sales, and the forensic chemist's testimony about the purity and weight of the methamphetamine procured through the controlled buy. In light of the record as a whole, we conclude that "the jury was not substantially swayed by [any] error." *Id.* at 905.

**4.** Sufficient evidence supports the jury's finding that the government did not engage in sentencing entrapment. The evidence showed that the case agents increased the quantity of drugs in the controlled buy because Solorio indicated that the initial amount was "small" and because the agents belatedly received permission to complete a larger buy. Because the agents had "legitimate investigatory reasons" for increasing the drug quantity, the jury permissibly found the absence of sentencing entrapment. *United States v. Boykin*, 785 F.3d 1352, 1362 (9th Cir. 2015).

**AFFIRMED.**